IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN PECK and EVAN P. SOUTHERN, individually and on behalf of all others similarly-situated, | Civil Action<br><br>No. 2:23-cv-1014 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| FRONTIER ENVIRONMENTAL, INC., f/k/a FRONTIER CONSTRUCTION COMPANY, INC., d/b/a FRONTIER ENVIRONMENTAL SERVICES, | |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, Justin Peck and Evan P. Southern, individually and on behalf of all others similarly-situated, and by the undersigned counsel, files this Class and Collective Action Complaint, and in support states the following.

1. This is a collective action lawsuit brought pursuant to 29 U.S.C. § 216(b), and a class action lawsuit brought pursuant to Fed. R. Civ. P. 23, on behalf of a group of similarly situated Heavy Equipment Operators employed or formerly employed by Frontier Environmental, Inc. ("Defendant"), to recover wages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA"), and various state wage laws.

2. The proposed collective action group consists of Heavy Equipment Operators employed by Defendant in the three years prior to the filing of this Complaint through final disposition of this action, whom Defendant has failed and refused to pay overtime, minimum wage, and/or straight time for orientation and/or training, whether online or in person; and/or has failed or refused to pay for overtime, minimum wage.

1

## I. JURISDICTION AND VENUE

3.  Plaintiffs invoke this Court's federal question jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331; and this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is located in this District, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## II. PARTIES

5.  Plaintiff, Justin Peck, is an adult individual who resides in Bridgeport, West Virginia. He brings this action on behalf of himself and all others similarly-situated. He consents in writing to be a plaintiff pursuant to 29 U.S.C. § 216(b) (Exhibit 1).

6.  Plaintiff, Evan Parker Southern, is an adult individual who resides in Peterstown, West Virginia. He consents in writing to be a plaintiff pursuant to 29 U.S.C. § 216(b) (Exhibit 2).

7.  Defendant, Frontier Environmental, Inc. is a corporation with a principal place of business located at 3826 Route 31 East, Jones Mills, Pennsylvania 15646.

8.  Defendant was formerly incorporated as Frontier Construction Company, Inc., and continues to use that name on employee paystubs.

9.  Defendant owns the registered fictitious names Frontier Environmental Services and Frontier Environmental.

10. Defendant does business and employs employees in at least the following three states: Pennsylvania, West Virginia, and Ohio, and is therefore engaged in interstate commerce.

### III. FACTUAL BACKGROUND

**A. Justin Peck**

11. Mr. Peck was an employee of Defendant from on or about March 27, 2023 to April 20, 2023.

12. On or about March 23, 2023, Mr. Peck accepted an offer of employment from Defendant as a Heavy Equipment Operator at a rate of $28 per hour. See Exhibit 3.

13. Mr. Peck was hired to work primarily on a worksite in West Virginia.

14. On or about March 27, 2023, at the direction of Defendant, Mr. Peck reported to Defendant's office located in Hickory, Pennsylvania for orientation and training.

15. Approximately 15 to 20 other employees attended the same orientation and training as Mr. Peck.

16. The orientation and training consisted of watching videos and reading new hire paperwork involving Defendant's policies and procedures, including but not limited to safety protocols, sexual harassment, and Defendant's open door policy.

17. The orientation and training was mandatory for new employees.

18. The orientation and training was job-related.

19. The orientation and training was during normal working hours.

20. Mr. Peck spent approximately three hours during the orientation and training.

21. During the orientation training, a management employee named B. Ashmore announced that Defendant does not pay employees for training.

22. Defendant, in fact, did not pay Mr. Peck for this orientation and training.

23. Upon information and belief, Defendant has a practice or policy of not paying some or all employees for the above-described orientation and training.

### B. Evan Parker Southern

24.    Mr. Southern was an employee of Defendant from on or about March 20, 2023 to on or about April 25, 2023. As set forth below, he performed work to benefit Defendant before he was officially "employed."

25.    On or about March 13, 2023, Mr. Southern accepted an offer of employment from Defendant as a Heavy Equipment Operator at a rate of $28 per hour. See Exhibit 4.

26.    Mr. Southern was hired primarily to work on a worksite in Ohio.

27.    On March 13, 2023, Defendant's Director of Human Resources, Lee Mudry, sent Mr. Peck an email with the subject line, "Frontier Environmental Services - DOT/Background check forms - Signature requested by Lee Mudry." That email stated, inter alia, "SAFETY-RELATED TRAINING will be assigned to you. All of our clients require specific training before you can access the work-site. You will receive this information via email following your drug test on how to complete this training."

28.    The same day, after Mr. Southern accepted an offer of employment, Defendant sent him multiple emails containing links to online training requirements for multiple clients.

29.    As indicated in Ms. Mudry's email, the above online training was required as a mandatory prerequisite to working for Defendant for several clients.

30.    The online training was job-related.

31.    Defendant did not pay Mr. Southern for the above online training.

32.    Upon information and belief, Defendant has a practice or policy of not paying some or all employees for the above-described online training.

## IV. COLLECTIVE AND CLASS ACTION ALLEGATIONS

**A. The Case Should be Certified as an "Opt-In" Collective Action Under the FLSA.**

33. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as an "opt-in" collective action on behalf of all similarly situated individuals who worked as Heavy Equipment Operators for Defendant at any time within three years prior to this action's original filing date through the final disposition of this case, and who were not paid for orientation and training, whether online or in-person.

34. At all relevant times, Plaintiffs and other Heavy Equipment Operators are and have been similarly situated in that they held the same job titles and all were not paid for orientation and training.

35. The number and identity of these individuals may be determined from records under the control of Defendant.

36. These individuals would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join in the lawsuit.

**B. The Case Should be Certified as a Class Action Under Fed. R. Civ. P. 23.**

37. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs also bring this action under the Pennsylvania Minimum Wage Act ("PMWA"), Pennsylvania Wage Payment and Collection Law ("WPCL"), and the Ohio Fair Wage Standards Act (OFWSA) on behalf of all similarly situated individuals who worked as Heavy Equipment Operators for Defendant at any time within three years prior to this action's original filing date through the final disposition of this case, and who were not paid for orientation and/or training, whether online or in-person..

38. Upon information and belief, at least hundreds of individuals were not paid for orientation and/or training. The number of class members is therefore large enough that joinder of individual members in this action is impracticable.

39. There are common questions of law and fact, including whether Defendant's practice of not paying for training violates class members' rights under the PMWA, the WPCL, and the OFWSA.   .

40. For the same reasons, the claims of class members are typical of the claims of the Plaintiffs, and there is no conflict between Plaintiffs and any other class member.

41. Plaintiffs will fairly and adequately protect the interests of the classes. Attorneys for Plaintiffs are experienced and capable employment litigators, and will fairly and adequately represent the interests of the classes.

42. This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(1)(A). The prosecution of separate actions by individual members of the classes would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendant.

43. This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(2), in that Defendants have acted on grounds generally applicable to the classes by not paying all of them for orientation and training.

44. Alternatively, this action is maintainable as a class action under Federal Rule of Civil Procedure Rule 23(b)(3), as the common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. Given that various state laws may apply depending on where an employee worked, and further given that Defendant may have required training online for some employees but in-person training for other employees, two or more subclasses may be appropriate.

## COUNT I
### FLSA: FAILURE TO PAY MINIMUM WAGE AND/OR OVERTIME
### All Plaintiffs and Collective Action Members v. Defendant

46. Plaintiffs incorporate the allegations of Paragraphs 1 through 45 as if fully restated.

47. Heavy Equipment Operators are not exempt from the FLSA's minimum wage and overtime requirements. Rather, they are hourly employees who perform manual labor. Indeed, Defendant recognized in Mr. Peck's and Mr. Southern's offer letters that they were entitled to overtime if they worked more than 40 hours in a given week.

48. Under the FLSA, 29 U.S.C. § 206, employers are required to compensate non-exempt employees a minimum wage of at least $7.25 per hour for all hours worked.

49. Defendant failed to pay Plaintiffs and all others similarly-situated for all hours spent in orientation and/or training, in violation of the FLSA, 29 U.S.C. § 206.

50. To the extent that any employee worked more than forty hours in a workweek where he or she attended orientation and/or training, then Defendant also violated 29 U.S.C. § 207(a)(1) by failing to pay overtime at 1.5 times the employee's regular rate for all hours worked in excess of forty hours.

51. Defendant's violation of the FLSA was willful and not in good faith, as even a cursory review of the 29 C.F.R. § 785.27 through 785.32 would plainly show that the time spent on orientation and training is compensable under the FLSA.

## COUNT II
### PMWA: FAILURE TO PAY MINIMUM WAGE AND/OR OVERTIME
**Peck and Pennsylvania Class Members v. Defendant**

52. Plaintiffs incorporate the allegations of Paragraphs 1 through 51 as if fully restated.

53. The time spent at orientation and/or training for Pennsylvania employees also constitutes "hours worked" within the meaning of the PMWA, 34 Pa. Code § 231.1.

54. Defendant failed to pay Plaintiff Peck and all others similarly-situated for all hours spent in orientation and training, in violation of the PMWA, 43 Pa. Stat. § 333.104(a.1).

55. To the extent that any Pennsylvania employee worked more than forty hours in a workweek where he or she attended orientation or training, then Defendant also violated 43 Pa. Stat. § 333.104(c) by failing to pay overtime at 1.5 times the employee's regular rate for all hours worked in excess of forty hours.

## COUNT III
### WPCL: FAILURE TO PAY AGREED-UPON WAGE
**Peck and Pennsylvania Class Members v. Defendant**

56. Plaintiffs incorporate the allegations of Paragraphs 1 through 55 as if fully restated.

57. Defendant is an "employer" within the meaning of the WPCL, 43 Pa. Stat. § 260.2a, because it employed Plaintiffs and others similarly-situated within the Commonwealth of Pennsylvania.

58. Through written offer letters, Defendant agreed to pay Plaintiffs and all others similarly-situated an hourly rate, as well as an overtime rate for all hours in excess of 40 hours per week.

59. In the case of Mr. Peck and potentially other Pennsylvania class members, Defendant agreed to pay an hourly rate of $28 per hour.

60. Although Mr. Peck performed most of his work for Defendant in West Virginia, the orientation and training took place in Pennsylvania.

61. Defendant did not notify Plaintiff or other Pennsylvania class members that they would not be paid for orientation and training until after they already had attended orientation and training.

62. Pursuant to the WPCL, 43 Pa. Stat. § 260.3(a), Defendant was required to pay Plaintiffs and others similarly-situated for wages for all hours worked by each regular pay day.

63. However, Defendant refused to compensate Plaintiff Peck and others similarly-situated for all hours worked, at their regular rate for hours under 40, and/or their overtime rate for hours over 40.

64. Defendant's failure to pay Plaintiff Peck and others similarly-situated all wages due and owing is a violation of 43 Pa. Stat. §260.3(a).

65. More than 30 days have passed since the regularly scheduled pay days of Plaintiff Peck and others similarity-situated.

66. Defendants' failure to pay Plaintiff Peck and Pennsylvania lass members for all hours worked is not based on a good faith dispute as to their entitlement to wages.

67. Therefore, pursuant to 43 Pa. Stat. § 260.10, Plaintiff Peck others similarly-situated are also entitled to liquidated damages as permitted by 43 Pa. Stat. § 260.10.

**COUNT IV**
**Ohio Fair Wage Standards Act O.R.C. § 4111 *et. seq.* Violations**
**Southern and Ohio Class Members v. Defendant**

68. Plaintiffs incorporate the allegations of Paragraphs 1 through 68 as if fully restated.

69. The time spent at orientation and/or training also for Ohio employees also constitutes "hours worked" within the meaning of the O.R.C. § 4111 *et. seq*.

70. Defendant failed to pay Plaintiffs and/or all others similarly Ohio situated employees for all hours spent in orientation and training, in violation of OFWSA.

71. To the extent that any employee worked more than forty hours in a workweek where he or she attended orientation or training, then Defendant also violated the OFWSA by failing to pay overtime at 1.5 times the employee's regular rate for all hours worked in excess of forty hours.

## COUNT V
## BREACH OF CONTRACT
**Plaintiffs and Class Members v. Defendant**

72. Plaintiffs incorporate the allegations of Paragraphs 1 through 71 as if fully restated.

73. Through written offer letters, Defendant agreed to pay Plaintiffs and all others similarly-situated an hourly rate, as well as an overtime rate for all hours in excess of 40 hours per week.

74. Plaintiffs and others similarly-situated accepted Defendant's offer by signing offer letters and/or by agreeing to work.

75. By failing to pay Plaintiffs and others similarly-situated for orientation and training, Defendant materially breached its contract.

76. As a direct and proximate result of Defendant's failure to pay for orientation and training, Plaintiffs and all others similarly-situated have suffered damages in the form of unpaid wages.

WHEREFORE, Plaintiffs demand judgment against Defendant, on behalf of themselves and all others similarly-situated, and:

    a. Minimum wage and/or overtime under Counts I and II;

    b. Unpaid agreed-upon wages under Counts III and V;

 c. The full amount of all lost pension and social security, and Medicare contributions related to unpaid wages;

 d. Prejudgment interest;

 e. Liquidated damages under Count I pursuant to 29 U.S.C. § 216(b);

 f. Liquidated damages under Count III pursuant to 43 Pa. Stat. § 260.10;

 g. Liquidated damages under Count IV pursuant to O.R.C. § 4111.14(J);

 h. Reasonable attorneys' fees and costs; and

 i. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**MCELROY LAW FIRM, LLC**

/s/ Rachel L. McElroy
Rachel L. McElroy
Pa. I.D. No. 321624
100 First Avenue
Suite 1010
Pittsburgh, PA 15222
(412) 620-8735
rachel@mcelroylawfirm.com

**ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. ID No. 208157
Tamra Van Hausen
Pa. I.D. No. 330577
100 First Avenue
Suite 1010
Pittsburgh, PA 15222
(412) 230-8436
(412) 206-0855 (fax)
celzer@elzerlaw.com
tvanhausen@elzerlaw.com

Attorneys for Plaintiffs and the proposed class/collective